UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

JUL 20 2026

CLERK, US BANKRUPTCY COURT

In re:

ANDREW TONY DO,

Debtor.

DAVID TOMLIN,

Plaintiff,

v.

ANDREW TONY DO,

Defendant.

Bankruptcy Case No. 26-40839

Adversary Proceeding No. 26-04065

# DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

To the Honorable United States Bankruptcy Judge:

Defendant, Andrew Tony Do, appearing pro se, respectfully files this Original Answer to Plaintiff's Complaint to Determine the Dischargeability of a Debt, and in support thereof respectfully shows the Court as follows:

## I. GENERAL AND SPECIFIC DENIALS

1. Pursuant to Federal Rule of Civil Procedure 8 and Federal Rule of Bankruptcy Procedure 7008, Defendant enters a general denial of all allegations contained in Plaintiff's Original Complaint. Defendant denies each and every material allegation set forth in paragraphs 1 through 83 of the Complaint, including any statements contained within the specific subheadings, counts, or the prayer for relief, and demands strict proof thereof.

2. Responding to Paragraphs 1 through 4 (Jurisdiction and Venue), Defendant admits that this Court has jurisdiction over the main bankruptcy case, but denies that the debt alleged by Plaintiff is nondischargeable under 11 U.S.C. § 523.

3. Responding to Paragraphs 5 and 6 (Parties), Defendant admits that he is the Debtor in the underlying Chapter 7 case and resides at 130 Sweetgum Dr., Murphy, TX 75094. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions.

4. Responding to Paragraphs 7 through 12 (Summary of Arguments), Defendant denies all allegations of a calculated scheme, fraudulent inducement, misappropriation, embezzlement, larceny, willful and malicious injury, or deceptive conduct. Defendant denies that any debt

owed to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), or 523(a)(6).

5. Responding to Paragraphs 13 through 34 (Overview), Defendant denies that he permanently deprived Plaintiff of money, diverted funds for unauthorized personal use, or orchestrated a fraudulent scheme. Defendant lacks knowledge or information sufficient to form a belief about the specific calculations, personal airline miles, rental car transactions, or internal actions taken by third parties mentioned throughout these paragraphs, and therefore denies them.

6. Responding to Paragraphs 35 and 36 (Fraudulent Conduct), Defendant denies making false representations, denies performing actions with reckless disregard for the truth, and denies intentional or willful wrongdoing.

7. Responding to Paragraphs 37 through 59 (Embezzlement Claims), Defendant denies that his actions constitute embezzlement under federal common law or bankruptcy standards. Defendant denies fraudulently converting or diverting any funds entrusted to him.

8. Responding to Paragraphs 60 to 65 (Larceny Claims), Defendant denies that he unlawfully took, carried away, or appropriated Plaintiff's property from the outset, and denies committing larceny under federal common law or the Texas Penal Code.

9. Responding to Paragraphs 66 to 83 (Actual Fraud Claims), Defendant denies engaging in a deliberate or continuing scheme of false pretenses, omissions, or actual fraud. Defendant denies that any money or services were acquired through deceitful tricks, circumventing behavior, or intentional cheating.

## II. AFFIRMATIVE DEFENSES

10. Plaintiff's claims are barred, in whole or in part, because the underlying relationship and transactions constitute a business risk or failed investment corporate venture, rather than a debt obtained by false pretenses, false representations, actual fraud, embezzlement, or larceny.

11. Defendant asserts the defense of failure of consideration and/or lack of consideration regarding any purported ownership, commercial promises, or contractual obligations alleged by Plaintiff.

12. To the extent Plaintiff claims financial harm resulting from transactions or agreements involving third parties or separate corporate entities (such as Gray Dog Investments, LLC or Endless Signs and Wraps), Defendant is not personally liable, and Plaintiff fails to state a claim upon which relief can be granted against Defendant individually.

## III. DEFENSE AND PENDING MOTION TO EXTEND TIME

13. Defendant notes for the record that he is currently unrepresented by professional legal counsel in this adversary proceeding.

14. On Monday, July 13, 2026, Defendant filed a formal Motion for a 30-day Extension of Time to file a comprehensive answer to allow him adequate time to locate and retain professional bankruptcy counsel. Because that Motion is still pending before the Court and has not yet been ruled upon as of today, July 20, 2026, Defendant files this defensive Answer in good faith to protect his legal rights, maintain an active appearance, and prevent an automatic default judgment. Defendant explicitly reserves the right to amend this Answer once legal counsel is formally retained.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Andrew Tony Do respectfully requests that the Plaintiff take nothing by this suit, that the Complaint be dismissed with prejudice, that the underlying debts be declared fully dischargeable under Chapter 7, and that the Court grant Defendant such other and further relief to which he may be justly entitled.

Dated: July 20, 2026.

Respectfully submitted,

By: ______________________

Andrew Tony Do

130 Sweetgum Drive

Murphy, TX 75094

Phone: 214-562-0005

Defendant Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon Plaintiff's counsel via First Class United States Mail on July 20, 2026 at the following address:

The Ferguson Firm, LLC

101 E. McKinney St. #88

Denton, Texas 76201

---

Andrew Tony Do